# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL E. BREEDEN,**

        **Petitioner,**

**v.**                                          **Civil Action No. 1:07cv12**
                                                **(Judge Keeley)**

**EVELYN SEIFERT, Warden,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On January 1, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On March 1, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to file a response and did so on April 2, 2007, by filing an answer and motion to dismiss as untimely. On April 3, 2007, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the petitioner was advised of his right to file material responsive to the defendant's dispositive motion. The petitioner's reply was due May 3, 2007. As of the date of this opinion, the petitioner has not filed a reply.

## I. Procedural History

### A. Petitioners' Conviction and Sentence

According to the pleadings, on September 5, 2000, a grand jury sitting in Hampshire County, West Virginia, returned a 40-count indictment against the petitioner, charging him with 19 counts of Sexual Assault in the First Degree, one count Sexual Assault in the Second Degree and 20 counts of Sexual Abuse by a parent. On June 19, 2001, the petitioner pleaded guilty to two counts sexual

abuse by a parent. As a result, the remaining 38 counts were dismissed.

On November 15, 2001, the petitioner was sentenced to consecutive terms of 10-20 years in the penitentiary. The petitioner's direct appeal was refused by the West Virginia Supreme Court of Appeals on October 10, 2002.

On May 5, 2006, the petitioner filed a state habeas petition in the Circuit Court of Hampshire County. By order entered May 12, 2006, the Circuit Court summarily denied the petition. The petitioner did not appeal the denial of his state habeas petition.

## B. The Respondent's Motion to Dismiss

In the motion to dismiss, the respondent asserts that the petition is untimely filed. In support of this claim, the respondent asserts that the petitioner's conviction became final on January 8, 2003, when the time expired for the petitioner to file for Writ of Certiorari with the United States Supreme Court. Therefore, the respondent asserts that pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the petitioner's one-year limitations period began running the next day, January 9, 2003. The respondent further asserts that the limitations period continued to run from that date, until it expired on January 8, 2004, because no event occurred during that time period to toll the statute. Because the instant petition was not filed until January 26, 2007, more than three years later, the respondent asserts that the petition is untimely and should be dismissed.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523

2

to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner's direct appeal was refused on October 10, 2002. Because the petitioner did not file for a writ of certiorari to the United States Supreme Court, his conviction and sentence became final when the time for doing so -- 90 days -- elapsed. Harris v. Hutchinson, 209 F.3d at 328. Accordingly, the petitioner's conviction and sentence became final on January 9, 2003. Because no event took place within the next year to toll the limitations period, the one-year limitations period expired on January 8, 2004. Moreover, the petitioner's state habeas petition filed on May 5, 2006, could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.

---

U.S. 371 (1998). Thus, the AEDPA applies to this petition.

[2] 28 U.S.C. § 2244(d)(2).

2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled").

### III. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 11) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE